IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Singletary, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-3888-BHH |
| v. ) | |
| ) | **ORDER** |
| Election System & Software; South ) | |
| Carolina Election Commision; ) | |
| Charleston County Board of Election ) | |
| and Voter Registration; Dorchester ) | |
| County Board of Election and Voter ) | |
| Registration; City of North Charleston; ) | |
| Marci Andino; Joe Debney; Larry ) | |
| Cramer; Todd Billman; Beverly ) | |
| Varnado; Queen Bowman; Carolyn ) | |
| Lecque; Samuel Howell; Grace Boland; ) | |
| Ed Barfield; Brady Hair; Ron Brinson; ) | |
| Keith Summey; and John Does, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff John Singletary's pro se complaint challenging the results of North Charleston's 2019 Mayoral Election. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

On November 29, 2022, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for expedited hearing and request for injunction. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has not demonstrated that he is entitled to an emergency hearing or preliminary injunction in accordance with *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Accordingly, the Court adopts in full the Magistrate Judge's Report (ECF No. 6) and specifically incorporates it herein, and the Court denies Plaintiff's motion for expedited hearing and request for injunction (ECF No. 3).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 10, 2023
Charleston, South Carolina