# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| John Singletary, | ) | Case No. 2:22-cv-03888-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Election System & Software; | ) | |
| South Carolina Election Commission; | ) | |
| Charleston County Board | ) | |
| of Election and Voter Registration; | ) | |
| Dorchester County Board | ) | |
| of Election and Voter Registration; | ) | |
| City of North Charleston; | ) | |
| Marci Andino; Joe Debney; | ) | |
| Larry Cramer; Todd Billman; | ) | |
| Beverly Varnado; Queen Bowman; | ) | |
| Carolyn Lecque; Samuel Howell; | ) | |
| Grace Boland; Ed Barfield; Brady Hair; | ) | |
| Ron Brinson; Keith Summey; | ) | |
| and John Does, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Singletary, proceeding *pro se*, brought this action on November 4, 2022, challenging the results of the City of North Charleston's 2019 Mayoral Election. (Dkt. No. 1.) In filing his Complaint, Plaintiff did not submit a completed set of proposed service documents or responses to the Court's Local Civil Rule 26.01 Interrogatories as required under *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Thus, by order dated November 29, 2022, the Court afforded Plaintiff twenty-one days to bring his case into proper form and submit the outstanding documents. (*See* Dkt. No. 5.) The order warned Plaintiff that if he failed to follow these instructions within the time prescribed by the order, his case would be dismissed for failure to prosecute and comply with an

order of this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3.) For Plaintiff's convenience, the Court provided him with eighteen blank summons forms for each of the named Defendants and a blank copy of the Local Civil Rule 26.01 Interrogatories.

Despite the Court's warning, Plaintiff did not submit any of the outstanding proper form documents or otherwise respond to the Court's order. Nevertheless, in an abundance of caution, the Court gave Plaintiff "one final opportunity to bring his case into proper form" and afforded him an additional twenty-one days to file the outstanding documents. (*See* Dkt. No. 11 at 1.) The Court reiterated that failure to comply with these instructions would result in summary dismissal and provided Plaintiff with yet another set of blank proper form documents. (*Id.* at 2.)

To date, Plaintiff has not filed a set of proposed service documents or responses to the Court's Local Civil Rule 26.01 Interrogatories, and the time to do so has once again lapsed. The undersigned therefore **DISMISSES** this action without prejudice for failure to prosecute and comply with an order of this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 6, 2023
Charleston, South Carolina

---

[1] It appears Plaintiff may have attempted to serve defective summonses via email on certain Defendants and/or their attorneys, prompting a motion to dismiss filed by the same. (*See* Dkt. No. 13.) However, Plaintiff cannot effectuate service until the Court has completed an initial review of his case and authorized service of process—which it clearly has not. *See* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) (requiring all *pro se* complaints filed in the United States District Court for the District of South Carolina to undergo an initial review process to ensure that the plaintiff filed "the proper paperwork to proceed with an action"). The undersigned therefore **DISMISSES** the pending motion to dismiss (Dkt. No. 13) as premature and, in any event, moot.

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.